**COSTELLO v. RAMSEY, Divisional Director of Immigration and Naturalization.\***

**No. 10791.**

Circuit Court of Appeals, Eighth Circuit.

March 19, 1937.

\*Rehearing denied April 8, 1937.

Charles A. Lich, of St. Louis, Mo. (Claudio Delitala, of St. Louis, Mo., on the brief), for appellant.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo. (Herbert H. Freer, Asst. U. S. Atty., of St. Louis, Mo., on the brief), for appellee.

Before SANBORN and THOMAS, Circuit Judges, and MUNGER, District Judge.

PER CURIAM.

This is an appeal from an order denying the appellant's application for a writ of habeas corpus.

In 1930 the Department of Labor issued a warrant of arrest for the appellant, charging him with being an alien subject to deportation to Italy, his native country, under the Immigration Act of February 5, 1917 (c. 29, § 19, 39 Stat. 889, title 8, U.S.C. § 155 [8 U.S.C.A. § 155]) for the reason that he had been twice sentenced, subsequent to his entry and to May 1, 1917, for terms of one year or more, for the commission of crimes involving moral turpitude, namely, grand larceny and robbery. The warrant of arrest was duly served by the immigration officials and a hearing was duly accorded the appellant upon the charge contained in the warrant. Following the hearing, the Secretary of Labor issued a warrant of deportation under date of February 14, 1931. That warrant designated the appellant as "Umberto Cosentino, or Humbert Castello." No deportation of the petitioner was had under this warrant, but, under date of September 17, 1936, the Secretary of Labor issued a superseding warrant of deportation in lieu of the original warrant, which superseding warrant named the appellant as "Umberto Miri, alias Umberto Cosentino or Humbert Castello." The appellant was taken into custody under this superseding warrant and was about to be deported when he filed in the court below his application for a writ of habeas corpus, from the denial of which he has taken this appeal.

Appellant does not question the propriety of the proceedings which resulted in the issuance of the original deportation warrant, nor does he deny the authority of the Secretary of Labor to issue the superseding warrant. He concedes that he was lawfully found to be an alien subject to deportation under the Immigration Act of February 5, 1917, and that he is the identical person named in the warrant for his arrest and in the original warrant of deportation, and that he is held in custody under the superseding warrant in which he is correctly designated as "Cosentino or Castello." His contention is that the superseding warrant is void and does not apply to him solely because the reference to him therein includes the name "Umberto Miri." The insertion of the name "Miri," he contends, constitutes an amendment in a material respect which may not be made except after a further hearing to determine his parentage and establish his alienage.

There is no merit in appellant's contention. Whether he was also known as "Miri" is of no consequence so long as he was the identical person referred to in the warrant and who, upon a fair hearing, was found subject to deportation. He does not ask to have the name "Miri" expunged or stricken from the warrant, and his rights are not prejudiced by its presence therein. We agree with the trial court that "the additional designation is an immaterial variance." Under the circumstances, it was the duty of the court to refuse the writ. Frank v. Mangum, 237 U.S. 309, 332, 35 S.Ct. 582, 59 L.Ed. 969; Ex parte Milligan, 4 Wall. (71 U.S.) 2, 18 L.Ed. 281; Foster v. Biddle (C.C.A.8) 14 F.(2d) 280.

The order appealed from is affirmed.