## MATTER OF KIM

### In Deportation Proceedings

### A-19915681

*Decided by Board September 27, 1979*

(1) In the Ninth Circuit, to be eligible for relief under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. 1182(c), the alien must establish that he has maintained a "lawful unrelinquished domicile" in the United States for 7 consecutive years after admission for permanent residence. *Castillo-Felix v. INS,* 601 F.2d 459 (9 Cir. 1979).

(2) A conviction for the crime of robbery in violation of section 211 of the California Penal Code is a crime involving moral turpitude. *Matter of G—R—,* 2 I&N Dec. 733 (BIA 1946; A.G. 1947).

CHARGE:

Order: Act of 1952—Sec. 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of a crime involving moral turpitude

ON BEHALF OF RESPONDENT: Hiram W. Kwan, Esquire
840 N. Broadway, Suite 200
Los Angeles, California 90012

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

This is an appeal from an immigration judge's decision dated January 30, 1979, in which the respondent was found deportable under section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(4), denied acceptance of an application for a waiver of inadmissibility under section 212(c) of the Act, 8 U.S.C. 1182(c), and denied the privilege of voluntary departure. The appeal will be dismissed.

The respondent is a 24-year-old male alien, a native and citizen of Korea who last entered the United States on May 28, 1968, as a nonimmigrant student authorized to stay until October 17, 1969. On July 2, 1973, his status was adjusted to that of a permanent resident. On December 31, 1973, the respondent pled guilty and was convicted of the crimes of rape and robbery which were committed on April 22, 1973. He served 4 years and 8 months in the state prison for these crimes.

On April 26, 1978, a hearing was held based on an Order to Show Cause charging the respondent with deportability under section 241(a)(4) of the Act in that he had been convicted of a crime involving moral turpitude committed within 5 years after entry and sentenced to confinement in prison for a year or more, to wit, robbery, a violation of section 211 of the California Penal Code.

The respondent denied at the hearing that he had been convicted of a crime involving moral turpitude and that he had been sentenced to confinement in a state prison for a year or more. The respondent further denied deportability.

Based on the record, the immigration judge found that the respondent was convicted of robbery committed on April 22, 1973, in violation of section 211 of the California Penal Code.[1] Under section 213 of the California Penal Code, robbery is punishable by imprisonment for 5 years. The immigration judge also found that the crime of robbery is a crime involving moral turpitude. U.S. ex rel. Cerami v. Uhl, 78 F.2d 698 (2 Cir. 1935); Matter of G—R—, 2 I&N Dec. 733 (BIA 1946; A.G. 1947). Based on the above, the immigration judge found the respondent deportable under section 241(a)(4) of the Act, as one who had been convicted of a crime involving moral turpitude committed within 5 years of entry and sentenced to confinement in prison for a year or more.

The immigration judge further found that the respondent was not prima facie eligible for a waiver of inadmissibility under section 212(c) of the Act, citing Matter of Anwo, 16 I&N Dec. 293 (BIA 1977), and refused to admit the application. The immigration judge also found that the respondent was not eligible for voluntary departure since his conviction of a crime involving moral turpitude precluded a finding of good moral character within the meaning of section 101(f)(3) of the Act, 8 U.S.C. 1101(f)(3).

On appeal, the respondent, through counsel, contends that the immigration judge denied him due process of law by failing to accept the application for advance permission to return to unrelinquished domicile, citing Lok v. INS, 548 F.2d 37 (2 Cir. 1977).

We agree with the immigration judge's finding that the respondent is deportable under section 241(a)(4) of the Act for having been convicted of a crime involving moral turpitude committed within 5 years of entry and sentenced to confinement in prison for a year or more.

We also agree with the immigration judge's finding that the respondent did not establish that he was prima facie eligible for relief under section 212(c) of the Act. To be eligible for section 212(c) relief, the respondent must establish that he has maintained a "lawful unre-

---

[1] A copy of the judgment of conviction was admitted into evidence as Exhibit 3.

linquished domicile" in the United States for 7 consecutive years. *Castillo-Felix* v. *INS,* 601 F.2d 459 (9 Cir. 1979). The respondent in this case did not have his status adjusted to that of a permanent resident until July 2, 1973. The 7 years necessary to be eligible for this relief have not yet elapsed to date.

The respondent's argument that the *Lok* decision is applicable in this case is without merit. The Ninth Circuit in *Castillo-Felix* v. *INS, supra,* has clearly rejected the rationale of *Lok* and has held that the respondent must accumulate 7 years of lawful unrelinquished domicile after his admission for permanent residence to be eligible for relief under section 212(c) of the Act. Since the present case arises out of the Ninth Circuit, the court's decision in *Castillo-Felix* v. *INS, supra,* is controlling.

We further agree with the determination of the immigration judge that the respondent cannot be considered to be a person of good moral character because the crime of which he was convicted is one involving moral turpitude. *See* section 101(f)(3) of the Act; *Matter of G—R—, supra.* Accordingly, we conclude that the respondent is deportable as charged, prima facie ineligible for relief under section 212(c) of the Act, and is ineligible for voluntary departure. Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.

146