**Jose A. SALAZAR–LUNA, Petitioner,**

v.

**John ASHCROFT,\* Attorney General, Respondent.**

No. 00–70097.

I & NS No. A76–600–005.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2001.\*\*

Decided April 9, 2002.

---

\*\* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before CANBY, HAWKINS, and GOULD, Circuit Judges.

MEMORANDUM***

Jose Antonio Salazar–Luna, a native and citizen of Mexico, was charged with and conceded removability under 8 U.S.C.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

§ 1182(a)(6)(A)(i), as an alien present in the United States without having been admitted or paroled. He petitions for review of a decision of the Board of Immigration Appeals (BIA), which held that he is statutorily ineligible for cancellation of removal under 8 U.S.C. § 1229b and for voluntary departure under 8 U.S.C. § 1229c(b). He also seeks review of the BIA's alternative ruling denying voluntary departure as an exercise of discretion. We deny the petition for review.

■ Jurisdiction in this case is governed by the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA). *See* 8 U.S.C. § 1252; *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). The government contends that IIRIRA's permanent judicial review provision, 8 U.S.C. § 1252(a)(2)(B)(i), strips this court of jurisdiction to review all determinations, both discretionary and non-discretionary, regarding cancellation of removal and voluntary departure. That issue has been resolved, however, by our recent decision in *Montero–Martinez v. Ashcroft*, 277 F.3d 1137 (9th Cir.2002). *Montero–Martinez* held that § 1252(a)(2)(B)(i) deprives this court of jurisdiction only over discretionary determinations made in the specified proceedings, and that we retain jurisdiction to review determinations of purely legal questions of statutory eligibility. *Id.* at 1144.

*Cancellation of removal*

The BIA found that Salazar–Luna had been convicted of robbery in violation of California Penal Code § 211, a crime of moral turpitude under 8 U.S.C. § 1182(a)(2), *see Matter of Kim*, 17 I. & N. Dec. 144, 145, 1979 WL 44376 (B.I.A.1979). It therefore held that Salazar–Luna was statutorily ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C).

■ Salazar–Luna does not dispute that the crime in issue is one of moral turpitude that would render him ineligible for cancellation if it was properly proved. He contends, however, that the sentencing report from Superior Court (to which he did not object at his removal hearing) was insufficient to establish that he was the person convicted. He states that the possibility of there being several persons in California named "Jose Antonio Salazar" renders the document insufficient to establish that he was the person convicted. Salazar–Luna also contends that the Immigration Judge improperly denied him a continuance of longer than one week to permit his counsel to investigate the validity of the sentencing report.

■ Salazar–Luna's arguments are not well-founded. An official record of a judgment of conviction is only one of several means by which a conviction may be established in removal proceedings. *See* 8 U.S.C. § 1229a(c)(3)(B). Indeed, any document prepared by the court of conviction that "indicates the existence of a conviction" is sufficient. § 1229a(c)(3)(B)(vi). Here the INS introduced several of the California court's minute entries in addition to the sentencing report, all of which established the conviction for robbery from a person. Also in evidence were reports of Salazar–Luna's probation officer (indicating a failure of Salazar–Luna to report) and an FBI report of Salazar–Luna's arrests and convictions, which recited that fingerprint comparisons had established identity. There is little reason on this record to doubt that Salazar–Luna is the person who suffered the robbery conviction. Indeed, Salazar–Luna does not assert that he was not so convicted; he attacks only the evidence of conviction. With regard to the denial of a continuance in excess of one week (after several continuances had been granted), Salazar–Luna

322

similarly fails to state what possible ground he could have unearthed to contest his conviction. We conclude, therefore, that the BIA did not err in ruling that Salazar–Luna was ineligible for cancellation of removal.

*Voluntary departure*

 The BIA affirmed the Immigration Judge's denial of voluntary departure on the ground that Salazar–Luna had not established that he was a person of good moral character, as required by the statute. *See* 8 U.S.C. § 1229c(b)(1)(B). As an alternative holding, the BIA also expressly denied voluntary departure in the exercise of its discretion. We have no jurisdiction to review these rulings. 8 U.S.C. § 1229c(f); *see also Kalaw*, 133 F.3d at 1152 (denial of voluntary departure for failure to establish good moral character is discretionary ruling over which this court has no jurisdiction); *accord Beltran–Tirado v. INS*, 213 F.3d 1179, 1182 (9th Cir. 2000).

*Legalization*

Salazar–Luna asserts that he was improperly denied legalization, but he has presented nothing in the record to substantiate a request for legalization, nor has he argued legalization in his brief to this court. He has waived this issue.[1]

**PETITION FOR REVIEW DENIED.[2]**

---

1. In any event, our review of the record satisfies us that Salazar–Luna's prior convictions render him ineligible for legalization. *See* 8 U.S.C. § 1255a(b)(1)(C)(i), (ii).

2. Salazar–Luna's motion for stay of removal pending determination of his petition for review is denied as moot. *See Narayan v. INS*, 105 F.3d 1335, 1335 (9th Cir.1997).