# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LUIS ENRIQUE MENDOZA,

*Petitioner,*

v.

ERIC H. HOLDER Jr., Attorney
General,

*Respondent.*

No. 06-72865

Agency No.
A076-612-890

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 5, 2010*
San Francisco, California

Filed October 27, 2010

Before: Pamela Ann Rymer and N. Randy Smith,
Circuit Judges, and Ronald B. Leighton, District Judge.**

Opinion by Judge N.R. Smith

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Ronald B. Leighton, United States District Judge for
the Western District of Washington, sitting by designation.

17869

## COUNSEL

John M. Pope, Stender and Pope, P.C., Phoenix, Arizona, for the petitioner.

Joseph D. Hardy, Office of Immigration Litigation, Washington, D.C., for the respondent.

## OPINION

N.R. SMITH, Circuit Judge:

Robbery under California Penal Code section 211 is a crime involving moral turpitude (CIMT) for the purposes of Immigration and Nationality Act (INA) § 212(a)(2)(A)(i)(I). Therefore, the robbery conviction of Luis Enrique Mendoza, a native and citizen of Mexico, renders him inadmissible and ineligible for adjustment of status. We must then deny the petition for review.

## Facts and Procedural History

Mendoza entered the United States without inspection on or about December 2, 1983. On April 5, 2005, he was convicted of robbery under California Penal Code section 211 in the Superior Court of California and sentenced to 365 days imprisonment. Based on this conviction, the Department of Homeland Security issued a Notice to Appear (NTA) on October 3, 2005. The NTA charged that Mendoza was subject to removal because (1) Mendoza was present in the United States without being admitted or paroled (INA § 212(a)(6)(A)(i)), and (2) he had been convicted of a CIMT[1] (INA § 212(a)(2)(A)(i)(I)).[2]

At the master calender hearing on November 28, 2005, the immigration judge (IJ) determined that Mendoza had been convicted of a CIMT (as charged in the NTA) when he was convicted for robbery in 2005, because robbery was both a crime of theft and a crime of violence. He also determined that Mendoza was present in the United States without being admitted. After receiving Mendoza's application for adjustment of status, he then set an individual hearing to address whether Mendoza qualified for a waiver of inadmissibility under 8 U.S.C. § 1182(h) ("212(h) waiver").[3]

---

[1]The original NTA incorrectly alleged that Mendoza was convicted of First Degree Residential Burglary under section 211. A revised NTA dated October 24, 2005, properly stated that his conviction was for First Degree Residential Robbery.

[2]Although the agency opinions cite the INA, further citations will be to the corresponding United States Code sections, 8 U.S.C. § 1182(a)(6)(A)(i) and 8 U.S.C. § 1182(a)(2)(A)(i)(I).

[3]A 212(h) waiver was required to allow Mendoza to adjust status (become a lawful permanent resident) by waiving his ground of inadmissibility—conviction for a CIMT. *See* 8 U.S.C. § 1182(h).

To receive a 212(h) waiver, Mendoza had to show that (1) he is the son of a United States citizen or lawful permanent resident and (2) denial of his admission would "result in extreme hardship" to his parents. 8 U.S.C. § 1182(h)(1)(B). If he made such a showing, the attorney general (represented by the IJ) could still, *in his discretion*, refuse to allow Mendoza to adjust status and remain in the United States lawfully. § 1182(h).

At the individual hearing on February 8, 2006, the IJ again found that Mendoza was removable under both 8 U.S.C. § 1182(a)(6)(A)(i) (present without admission) and 8 U.S.C. § 1182(a)(2)(A)(i)(I) (having been convicted of a CIMT). He also determined that robbery was both a crime of violence and an aggravated felony, making Mendoza ineligible for most forms of relief. Regarding the 212(h) waiver, the IJ found that Mendoza had not shown that his removal would result in extreme hardship to his parents. Further, even if Mendoza had shown such hardship, the IJ determined that Mendoza did not warrant a favorable exercise of discretion in light of Mendoza's criminal record. Lastly, the IJ denied (1) the motion to terminate proceedings, (2) the 212(h) waiver, (3) adjustment of status, and (4) voluntary departure. Mendoza was then ordered removed to Mexico based on the allegations in the NTA.

Mendoza timely appealed to the Board of Immigration Appeals (BIA). The BIA found "no error in the Immigration Judge's conclusion that the respondent is removable for commission of a crime involving moral turpitude." The BIA incorrectly stated that Mendoza argued that "his conviction for burglary does not constitute a [CIMT]." The BIA cited *De La Cruz v. INS*, 951 F.2d 226, 228 (9th Cir. 1991) (which mentions that burglary is a CIMT) and *Matter of De La Nues*, 18 I. & N. Dec. 140, 145 (BIA 1981) ("Burglary and theft or larceny, whether grand or petty, are crimes involving moral turpitude.") to uphold the IJ's determination that Mendoza was removable for a conviction for a CIMT.[4] The BIA did not

---

[4]Mendoza did not appeal the BIA's erroneous reference to burglary in his petition for review. The BIA relied on *De La Nues*'s holding that burglary and theft offenses are CIMTs. This court has held that when the underlying crime in a burglary is theft (a CIMT), burglary is also a CIMT. *Cuevas-Gaspar v. Gonzales*, 430 F.3d 1013, 1020 (9th Cir. 2005). Where the BIA's analysis is "a simple statement of a conclusion, [the court] also look[s] to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quotation marks and citation omitted). Therefore, we may look directly to the IJ's decision, which correctly stated that Mendoza was convicted for robbery.

specifically address the IJ's denial of Mendoza's 212(h) waiver, stating only that Mendoza "d[id] not meaningfully identify any error in the Immigration Judge's conclusion that the respondent is ineligible for relief from removal and any such arguments have been waived."

Mendoza petitions for review of the BIA's determination that he was convicted of a CIMT and therefore was inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I). He also petitions for review of the IJ's discretionary denial of a 212(h) waiver that would allow him to adjust status.

## Jurisdiction

8 U.S.C. § 1252(a)(2)(C) generally precludes judicial review of orders against aliens removable on the criminal grounds enumerated in 8 U.S.C. § 1182(a)(2). However, we may review "constitutional claims [and] questions of law." 8 U.S.C. § 1252(a)(2)(D). Whether a crime involves moral turpitude is such a question of law. *Navarro-Lopez v. Gonzales*, 503 F.3d 1063, 1067 (9th Cir. 2007) (en banc). In this appeal, we therefore review only "whether [Mendoza] is an alien who has committed an act that constitutes the essential elements of a crime involving moral turpitude." *Morales v. Gonzales*, 478 F.3d 972, 978 (9th Cir. 2007). We lack jurisdiction to review the IJ's exercise of discretion in denying the 212(h) waiver[5] and summarily deny Mendoza's petition as to that issue. 8 U.S.C. § 1252(a)(2)(B)(i).

---

[5]Mendoza also failed to raise this issue in his brief to the BIA, and the BIA did not address it. *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam) ("Petitioner will therefore be deemed to have exhausted only those issues he raised and argued in his brief before the BIA."). We do not have jurisdiction over unexhausted claims. 8 U.S.C. § 1252(d)(1).

## Standard of Review

We review the BIA's interpretation of the conduct proscribed by a state statutory crime *de novo*. *Marmolejo-Campos v. Holder*, 558 F.3d 903, 907 (9th Cir. 2009) (en banc), *cert. denied*, 130 S. Ct. 1011 (2009). However, the court applies *Chevron* deference to the BIA's precedential determination that the specified conduct constitutes a CIMT. *Id.* at 908-11.

## Analysis

**[1]** This court has not previously decided whether robbery under California Penal Code section 211 is a CIMT, although both this court and petitioners have previously assumed that it is. *See, e.g.*, *Wood v. Hoy*, 266 F.2d 825, 826 (9th Cir. 1959) (challenging only whether the two robbery counts under section 211 arose from a single scheme); *Aguilar-Ramos v. Holder*, 594 F.3d 701, 703 (9th Cir. 2010) (not disputing second degree robbery is a CIMT); *Delgadillo v. Carmichael*, 332 U.S. 388, 389-90 (1947) (not disputing that a California robbery conviction is a CIMT). We therefore directly address this issue for the first time.

**[2]** A CIMT is not defined in immigration law. We have previously held that "crimes are deemed to be offenses of moral turpitude if they are base, vile, or depraved—if they offend society's most fundamental values, or shock society's conscience." *Navarro-Lopez*, 503 F.3d at 1074 (Reinhardt, J., concurring for the majority). Therefore, in general, such offenses are those that are intrinsically wrong (*malum in se*) or require evil intent. *See Uppal v. Holder*, 605 F.3d 712, 716 n.2 (9th Cir. 2010). In addition, "a crime in which fraud is an ingredient involves moral turpitude." *Jordan v. De George*, 341 U.S. 223, 227 (1951).

**[3]** "To determine whether a specific crime [qualifies as a crime involving moral turpitude], we apply the categorical

and modified categorical approaches set forth in *Taylor v. United States*, 495 U.S. 575 (1990)." *Cuevas-Gaspar*, 430 F.3d at 1017. "Under the categorical approach, we ask whether the full range of conduct encompassed by the criminal statute constitutes a crime of moral turpitude." *Morales*, 478 F.3d at 978 (internal quotation marks, alteration, and citation omitted). Because 8 U.S.C. § 1182(a)(2)(A)(i)(I) does not specifically define moral turpitude and does not specify rules for determining whether a crime involves moral turpitude,[6] we determine whether a state crime involves moral turpitude by comparing it with crimes that have previously been found to involve moral turpitude. *Nunez v. Holder*, 594 F.3d 1124, 1131 & n.4 (9th Cir. 2010). This involves comparing the elements of the state crime with the elements of crimes already determined to involve moral turpitude.[7] *See Cuevas-Gaspar*, 430 F.3d at 1018-19 (comparing Washington burglary statute requiring proof of "intent to commit any crime" with BIA determination that burglary is only a CIMT "if accompanied by the intent to commit a morally turpitudinous act after entry."). "[I]n determining the categorical reach of a state crime, we consider not only the language of the state statute, but also the interpretation of that language in judicial opin-

---

[6]For example, malicious mischief, involving the destruction of "as little as $250.00 of another's property" is not categorically a CIMT, *Rodriquez-Herrera v. INS*, 52 F.3d 238, 240 (9th Cir. 1995), nor is domestic battery, *Galeana-Mendoza v. Gonzales*, 465 F.3d 1054, 1061 (9th Cir. 2006), but petty theft is, *United States v. Esparza-Ponce*, 193 F.3d 1133, 1136-37 (9th Cir. 1999).

[7]This comparison can also be made to more than one crime. For example, in *Nunez*, because there was no BIA precedent directly on point, the court compared California's indecent exposure statute with other sexual offenses found to involve moral turpitude. The court determined that the crucial element of a CIMT in this context was whether there was (1) actual harm or (2) a protected class of victim by examining the elements of other sexual CIMTs (rape, incest, child pornography, and lewd and lascivious conduct toward a child). *Nunez*, 594 F.3d at 1132. Then, the court determined that neither actual harm nor a protected class of victim was a required element of indecent exposure, and therefore found that it was not categorically a CIMT. *Id.* at 1135, 1138.

ions." *Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1016 (9th Cir. 2006). If the statute proscribes only conduct that involves moral turpitude, we do not proceed to the modified categorical approach. *See Marmolejo-Campos*, 558 F.3d at 912. Generally, "once the conduct proscribed by the petitioner's statute of conviction is identified (e.g., fraud), the question whether such conduct involves 'moral turpitude' is not in doubt and thus merits little or no analysis from the court." *Id.* at 908 n.7.

Also, because Congress's intent is not clear regarding the definition of moral turpitude, we apply *Chevron* deference to the BIA's precedential case-by-case adjudications determining which crimes involve moral turpitude. *Id.* at 908-09. The BIA's interpretation is entitled to deference so long as it is "a permissible construction of the statute." *Id.* at 909 (quoting *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984)). *See also Chevron*, 467 U.S. at 845 (The question is whether the agency's view "is a reasonable one.")

**[4]** California defines robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Penal Code § 211. The BIA has already specifically determined that robbery under section 211 is a crime involving moral turpitude. *Matter of G-R-*, 2 I. & N. Dec. 733, 734 (BIA 1946); *Matter of Kim*, 17 I. & N. Dec. 144, 145 (BIA 1979). Therefore, under the categorical approach, because the specific crime has already been determined to be a CIMT, we can conclude that all conduct proscribed by section 211 involves moral turpitude. Our inquiry then is limited to whether the BIA's determination is reasonable and entitled to deference. We find that it is.

**[5]** The BIA's position that robbery under section 211 is a CIMT has been consistent since 1946. *Matter of G-R-*, 2 I. & N. Dec. at 734; *Matter of Kim*, 17 I. & N. Dec. at 145. The BIA's determination that robbery is a CIMT is also a logical

outgrowth of its holding that theft offenses are CIMTs. *See Matter of V-T-*, 2 I. & N. Dec. 213, 214 (BIA 1944) ("This offense [grand theft] is manifestly one involving moral turpitude."); *Matter of De La Nues*, 18 I. & N. Dec. at 145. The BIA's determination is consistent with precedent in this and other circuits[8] that theft crimes are CIMTs. *Esparza-Ponce*, 193 F.3d at 1136. Indeed, the California Supreme Court has also held that "[t]heft is a lesser and necessarily included offense in robbery." *People v. Ramkeesoon*, 702 P.2d 613, 616 (Cal. 1985), *abrogated on other grounds by People v. Breverman*, 960 P.2d 1094 (Cal. 1998). Thus, robbery would also be a CIMT. As such, we hold that the BIA's determination that robbery is a CIMT is reasonable[9] and entitled to deference.[10]

## PETITION DENIED.

---

[8] *Tillinghast v. Edmead*, 31 F.2d 81, 83 (1st Cir. 1929); *United States ex rel. Ventura v. Shaughnessy*, 219 F.2d 249, 251 (2d Cir. 1955) ("That theft involves moral turpitude cannot be doubted."); *Quilodran-Brau v. Holland*, 232 F.2d 183, 184 (3d Cir. 1956); *Soetarto v. INS*, 516 F.2d 778, 780 (7th Cir. 1975) ("Theft has always been held to involve moral turpitude, regardless of the sentence imposed or the amount stolen."); *Bartos v. U.S. Dist. Court*, 19 F.2d 722, 724 (8th Cir. 1927) ("[T]heft, whether it be grand or petit larceny[,] involves moral turpitude."); *Ablett v. Brownell*, 240 F.2d 625, 630 (D.C. Cir. 1957) ("[P]etty theft [is] a crime which does involve moral turpitude within the meaning of the immigration laws.").

[9] Other circuits also generally assume robbery is a CIMT. *See, e.g.*, *Fitzgerald ex rel. Miceli v. Landon*, 238 F.2d 864, 865-66 (1st Cir. 1956) (implying that robbery that included criminal battery would be two CIMTs); *Garcia-Padron v. Holder*, 558 F.3d 196, 198 (2d Cir. 2009) (conceding that attempted robbery is CIMT); *Tassari v. Schmucker*, 53 F.2d 570, 572-73 (4th Cir. 1931) ("Robbery, larceny, and crimes involving fraud have been held to be crimes of moral turpitude . . . ."); *Cina v. INS*, 989 F.2d 498 (6th Cir. 1993) (unpublished); *United States v. Martinez-Gonzales*, 916 F.2d 715 (7th Cir. 1990) (unpublished) ("Robbery is a crime involving moral turpitude. . . . ."); *Costello v. Ramsey*, 88 F.2d 622, 623 (8th Cir. 1937) (conceding removal for CIMTs (larceny and robbery) was lawful); *Camacho-Salinas v. U.S. Attorney Gen.*, 460 F.3d 1343, 1345 (11th Cir. 2006) (petitioner did not contest that robbery was CIMT).

[10] Mendoza argues that robbery cannot be a CIMT, because under California law one can be convicted of robbery as an aider and abettor. Mendoza's argument is precluded by the Supreme Court's holding that aiding and abetting is within the generic definition of a theft crime, specifically referencing California's abetting law. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 189-90 (2007).