**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50043 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-03839-H-1 |
| v. | |
| JUAN MANUEL RAMIREZ-VILLALBA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted November 8, 2012[**]
Pasadena, California

Before: GOODWIN and O'SCANNLAIN, Circuit Judges, and ZOUHARY,
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jack Zouhary, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

Appellant Juan Manuel Ramirez-Villalba ("Ramirez") appeals the district court's denial of his motion to dismiss his indictment under 8 U.S.C. § 1326 for attempted reentry after deportation. The denial of such a motion is reviewed *de novo* where, as here, the motion was based on "due-process defects in [an] underlying deportation proceeding." *United States v. Moriel-Luna*, 585 F.3d 1191, 1196 (9th Cir. 2009).

Ramirez claims that during the deportation proceedings at issue, the Immigration Judge ("IJ") never advised him of a potential "extreme hardship" waiver of removability or a humanitarian reinstatement of his immigrant visa petition. *See* 8 U.S.C. § 1182(h); 8 C.F.R. § 205.1(a)(3)(i). According to Ramirez, these errors were prejudicial and violated due process.

To prove prejudice in violation of due process, a defendant must show that "upon a review of the record, it appears. . .an IJ could have concluded. . .his potential claim[s] for relief" from removal "would be 'plausible.'" *United States v. Pallares-Galan*, 359 F.3d 1088, 1103-04 (9th Cir. 2004). Here, neither of Ramirez's claims would produce a plausible avenue for relief.

In certain circumstances, an alien otherwise removable may seek a waiver of removal if: (1) his parent is a legal permanent resident; (2) his removal "would result in extreme hardship to the. . .lawfully resident. . .parent" and (3) "the

2

Attorney General, in his discretion" consents. 8 U.S.C. § 1182(h); *see also*

*Mendoza v. Holder*, 623 F.3d 1299, 1301 n.3 (9th Cir. 2010). In evaluating a claim

of extreme hardship to Ramirez's permanent-resident mother, we consider

numerous unfavorable factors—including, among many others, Ramirez's multiple

pre-1995 felonies, his repeated illegal entries, and the length of time he had spent

in Mexico or in American incarceration—and conclude he had no plausible claim

to an extreme-hardship waiver. *See Gutierrez-Centeno v. INS*, 99 F.3d 1529, 1533

n.8 (9th Cir. 1996), *superseded by statute on other grounds as stated in Falcon*

*Carriche v. Ashcroft*, 350 F.3d 845, 854 n.9 (9th Cir. 2003); *United States v.*

*Arrieta*, 224 F.3d 1076, 1082 (9th Cir. 2000); *Hassan v. INS*, 927 F.2d 465, 467

(9th Cir. 1991).

Ramirez argues that he could have obtained a humanitarian reinstatement of

his immigrant visa petition, but he concedes that even after such reinstatement, he

would still need to obtain a waiver of his prior convictions under 8 U.S.C. §

1182(h) or 8 U.S.C. § 1182(c) (1994) in order to avoid deportation. As discussed

above, a section 1182(h) claim is implausible. Similarly, there was no plausible

basis for exercising section 1182(c) discretion. *See Pablo v. INS*, 72 F.3d 110, 113

(9th Cir. 1995).

**AFFIRMED**.