**NOT FOR PUBLICATION**

SEP 26 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE M. LOPEZ, | No. 11-70733 |
| Petitioner, | Agency No. A094-391-074 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 11, 2014[**]
San Francisco, California

Before: BEA, IKUTA, and HURWITZ, Circuit Judges.

Jorge Lopez, a native and citizen of El Salvador, petitions for review of the

order of the Board of Immigration Appeals ("BIA") that affirmed the Immigration

Judge's ("IJ") denial of his application for asylum and denial of his application for

special rule cancellation of removal under Section 203 of the Nicaraguan

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Adjustment and Central American Relief Act ("NACARA"). Lopez also petitions for review of the BIA's order revoking the IJ's grant of voluntary departure. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review in its entirety.

When, as here, the BIA conducts its own review of the evidence and law, "our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000). We review to determine whether the BIA's decision to deny asylum is supported by substantial evidence. *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010). We have jurisdiction to review the BIA's legal conclusions under NACARA, but we do not have jurisdiction to review the BIA's ultimate factual conclusions regarding eligibility for special rule cancellation of removal. *Ixcot v. Holder*, 646 F.3d 1202, 1213–14 (9th Cir. 2011).

Substantial evidence supports the BIA's finding that guerrillas in El Salvador did not know Lopez's political opinion or impute a political opinion to him. *Sagaydak v. Gonzales,* 405 F.3d 1035, 1042 (9th Cir. 2005) ("To establish a nexus to the political opinion ground, the [petitioner] must show (1) that [the petitioner] had either an affirmative or imputed political opinion, and (2) that [the petitioner was] targeted *on account of* that opinion."). Lopez admitted that the

guerrillas did not know his political opinion. And the only evidence that the guerrillas imputed a political opinion to Lopez was the fact that his brother was in the Salvadoran army and the guerrillas asked about his brother's location. Those facts alone do not compel a finding of imputed political opinion. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1032–33 (9th Cir. 2013) (concluding that substantial evidence supported the BIA's finding of no imputed political opinion where the only evidence of imputation was the persecutors' statement they were looking for the petitioner's husband because of the husband's own political opinion).

Moreover, substantial evidence supports the BIA's finding that the guerrillas did not persecute Lopez "on account of" his own political opinion or one imputed to him. The guerrillas' typical threat was "join us or we will kill you." This supports the BIA's finding that the guerrillas threatened Lopez in conjunction with their attempts to recruit Lopez to their cause, not because Lopez had a particular political opinion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481–82 (1992) (holding that resisting recruitment, without more, did not establish guerrillas imputed a political opinion to the petitioner).

The BIA correctly found that Lopez's California conviction for attempted second-degree robbery was a crime of moral turpitude under 8 U.S.C. §

3

1182(a)(2)(A)(i)(I).  *See Mendoza v. Holder*, 623 F.3d 1299, 1303–04 (9th Cir.

2010) (finding as reasonable under *Chevron* the BIA's interpretation that

California robbery convictions are crimes involving moral turpitude).  The BIA

was also correct that Lopez's conviction was not a "petty offense" because the

maximum penalty for the conviction was 2.5 years.  Cal. Penal Code §§ 213(a)(2),

664(a).  That penalty exceeds the one-year ceiling for a conviction to qualify as a

"petty offense."  *See* 8 U.S.C. § 1182(a)(2)(A)(ii)(II); *Mendez-Mendez v. Mukasey*,

525 F.3d 828, 832–35 (9th Cir. 2008) (holding that the maximum penalty possible

for a conviction determines whether a conviction is a "petty offense").  Lopez's

individual sentencing factors are irrelevant to this determination.  *Mendez-Mendez*,

525 F.3d at 833 ("[T]he relevant question is the statutory maximum, not the

maximum sentence that can be imposed on the particular defendant.").  The BIA

therefore correctly raised Lopez's burden to show an "exceptional and extremely

unusual hardship" to obtain special rule cancellation of removal under NACARA.

*See* 8 C.F.R. § 1240.66(c).

We do not have jurisdiction to decide whether Lopez established an

"exceptional and extremely unusual hardship" would result from his deportation.

*See Ixcot*, 646 F.3d at 1213–14.

Lopez claims that his due process rights were violated because the IJ was biased. We reject that claim because Lopez was not prevented from reasonably presenting his case and the BIA reviewed the record independently. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006).

Lopez's request for remand to the BIA to reinstate the IJ's grant of voluntary departure is denied. The BIA revoked the IJ's grant of voluntary departure because Lopez did not file proof of his departure bond. Lopez argues that he did not receive adequate notice of the requirement to file proof of his departure bond. But the IJ made clear to Lopez that he needed to file proof of his departure bond.

For these reasons, the petition is **denied.**

**DENIED.**