**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEONEL HERRERA, | No. 16-70770 |
| Petitioner, | Agency No. A073-992-423 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2019[**]

Before:    FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Leonel Herrera, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT"), and

adjustment of status. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The agency did not err in finding that Herrera failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Substantial evidence supports the agency's determination that Herrera failed to establish that any harm he fears in Mexico would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) (rejecting petitioner's

2

claim where he "provided no evidence that his opposition to the gang's criminal activity was based on political opinion"), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). We reject as unsupported by the record Herrera's contentions that the agency ignored or improperly construed his claims and evidence. Thus, Herrera's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Herrera failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Garcia-Milian*, 755 F.3d at 1033-35 (concluding that petitioner did not establish the necessary "state action" for CAT relief).

As to adjustment of status, we lack jurisdiction to review the agency's discretionary determination that Herrera failed to show extreme hardship to a qualifying relative if removed. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Mendoza v. Holder*, 623 F.3d 1299, 1301-02 (9th Cir. 2010) (court lacked jurisdiction to review an IJ's denial of a 212(h) waiver based on the discretionary determination that petitioner failed to establish extreme hardship). To the extent Herrera argues that the BIA applied the incorrect legal standard when it determined that he failed

3

to show extreme hardship, we reject his contention as unsupported by the record. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (the agency applied the correct legal standard where it expressly cited and applied relevant case law in rendering its decision).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**