**NOT FOR PUBLICATION**

**FILED**

APR 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDRES ISLAS, | No. 18-70368 |
| Petitioner, | Agency No. A072-543-329 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2021**

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Andres Islas, a native and citizen of Guatemala, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for cancellation of

removal, asylum, withholding of removal, relief under the Convention Against

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"), and special rule cancellation of removal under § 203 of the Nicaraguan Adjustment and Central American Relief Act ("NACARA").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of law. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016).  We review for substantial evidence the agency's factual findings.  *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010).  We deny in part and dismiss in part the petition for review.

The BIA correctly concluded that Islas's robbery conviction under California Penal Code ("CPC") § 211 is categorically a conviction for a crime involving moral turpitude ("CIMT") that makes him ineligible for cancellation of removal.  *See* 8 U.S.C. § 1229b(b)(1)(C); *Mendoza v. Holder*, 623 F.3d 1299, 1302-04 (9th Cir. 2010) (holding robbery under CPC § 211 is a CIMT).

Because Islas was found removable due to his conviction for a CIMT, our jurisdiction to review the agency's particularly serious crime determination is limited to constitutional claims and questions of law.  *See* 8 U.S.C. § 1252(a)(2)(C)-(D); *Pechenkov v. Holder*, 705 F.3d 444, 448-49 (9th Cir. 2012).  To the extent Islas contends that the agency misapplied the legal standard or otherwise erred in its determination that Islas' conviction under CPC § 211 is a particularly serious crime, we reject his contentions where the agency considered the appropriate factors in a case-specific inquiry.  *See Flores-Vega v. Barr*, 932

F.3d 878, 884 (9th Cir. 2019) ("[W]e lack jurisdiction over the BIA's ultimate determination that [petitioner] committed a particularly serious crime . . . But we retain jurisdiction to determine whether the BIA applied the correct legal standard." (internal citation and quotation marks omitted)); *Anaya-Ortiz v. Holder*, 594 F.3d 673, 679-80 (9th Cir. 2010) (concluding that the agency engaged in the appropriate particularly serious crime analysis). To the extent Islas challenges the agency's weighing of factors, we lack jurisdiction to review it. *See Pechenkov*, 705 F.3d at 448-49. Thus, Islas's asylum and withholding of removal claims fail. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2).

Substantial evidence supports the agency's denial of deferral of removal under CAT because Islas failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The BIA properly determined that Islas is subject to the heightened hardship standard under NACARA due to his conviction. *See* 8 C.F.R. § 1240.66(c).

As stated in the court's April 24, 2018 order, the temporary stay of removal remains in place until the issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**