NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAY 6 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LILIANA HOBBS, AKA Liliana
Hernandez-Patino,

　　　　　　　Petitioner,

　v.

MERRICK B. GARLAND, Attorney
General,

　　　　　　　Respondent.

No.　18-71288

Agency No. A095-129-709

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022[**]
San Francisco, California

Before:　SILER,[***] M. SMITH, and BRESS, Circuit Judges.

Petitioner Liliana Hobbs petitions for review of the Board of Immigration

Appeals' (BIA) decision dismissing her ineffective assistance of counsel claim. She

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

　　[***]　The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

also seeks review of the BIA's decision affirming the Immigration Judge's (IJ) order denying her a waiver of inadmissibility pursuant to Section 212(h) of the Immigration and Nationality Act. For the following reasons, we deny in part and dismiss in part the petition.

In 2015, Hobbs, a Mexican citizen, was charged with removability as an alien convicted of an aggravated felony and a visa overstay. *See generally* 8 U.S.C. §§ 1227(a)(1)(B), (a)(2)(A)(iii). Hobbs conceded the charges and sought an adjustment of status under 8 U.S.C. § 1255 and a waiver of inadmissibility under 8 U.S.C. § 1182(h). Hobbs and her U.S. citizen husband testified about how their family, including her five-month-old and eighteen-year-old sons, would be affected if she were removed. Her mother and siblings are United States citizens, as well. After the hearing, Hobbs obtained new counsel, but the IJ denied counsel's motion to continue the proceedings and closed the record. The IJ found Hobbs failed to show her husband or children would suffer extreme hardship if she is removed.

Hobbs appealed the IJ's order to the BIA and also claimed her due process rights were violated when her previous counsel failed to submit hardship evidence about her mother's "mental state." The BIA affirmed the IJ's order denying Hobbs's application for waiver of inadmissibility and construed her due process claim as a claim for ineffective assistance of counsel and denied it as well. Hobbs petitioned for review.

We have jurisdiction to review questions of law and constitutional claims raised upon a petition for review. 8 U.S.C. § 1252(a)(2)(D). We review denials of motions to reopen for abuse of discretion and review constitutional claims and questions of law de novo. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005); *see also Correa-Rivera v. Holder*, 706 F.3d 1128, 1131 (9th Cir. 2013) ("Appeals asserting ineffective assistance claims . . . are effectively motions to reopen."). Where, as here, the BIA conducts a de novo review of the IJ's decision, "our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Zumel v. Lynch*, 803 F.3d 463, 471 (9th Cir. 2015) (citation omitted).

Hobbs's ineffective assistance claim is barred because she did not comply with the procedural requirements set out in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). And because the administrative record is silent about whether her counsel knew anything about her mother's "mental state," we decline to excuse Hobbs's failure to comply with *Lozada*. *See Reyes v. Ashcroft*, 358 F.3d 592, 597 (9th Cir. 2004) ("[W]e have never excused a petitioner's failure to [comply with *Lozada*] where, as here, the facts underlying the petitioner's claim were not 'plain on the face of the administrative record.'" (citation omitted)). Hobbs also passingly complains about other errors her counsel allegedly made but never explains how they prejudiced her claim for waiver of inadmissibility. *See Martinez-Hernandez v.*

*Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) ("A claim of ineffective assistance of counsel requires a showing of inadequate performance and prejudice.").

Finally, we lack jurisdiction to review the agency's determination that Hobbs failed to show extreme hardship to her qualifying relatives for purposes of her request for a waiver of inadmissibility. *See Mendoza v. Holder*, 623 F.3d 1299, 1301–02 (9th Cir. 2010). And to the extent Hobbs challenges how the BIA weighed the evidence, we also lack jurisdiction to review those findings. *Id.* While we retain jurisdiction to ensure the BIA considered the relevant evidence, we "generally presume[]" it did. *Szonyi v. Barr*, 942 F.3d 874, 897 (9th Cir. 2019). Here, the BIA clearly recognized the emotional hardship to Hobbs's relatives, "in particular the infant child," and therefore considered the relevant evidence before exercising its discretion. Hobbs essentially argues the BIA abused its discretion in weighing the evidence, but a petitioner may not create jurisdiction "simply by cloaking an abuse of discretion argument in constitutional [or legal] garb." *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) (citation omitted).

The petition is DENIED IN PART and DISMISSED IN PART.