**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Stanley Gonzalez Aguilar,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>　　　　　Respondent. | No. 21-1266<br><br>Agency No.　A205-719-764<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2023[**]
San Francisco, California

Before: S.R. THOMAS, MILLER, and SANCHEZ, Circuit Judges.

Stanley Gonzalez Aguilar, a native and citizen of El Salvador, petitions

for review of a decision of the Board of Immigration Appeals dismissing his

appeal from an order of an immigration judge pretermitting his application for

cancellation of removal and denying his applications for asylum, withholding of

removal, and protection under the Convention Against Torture. We have

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. The immigration court had jurisdiction over Gonzalez's removal proceeding even though Gonzalez's notice to appear did not specify the time, date, or location of his hearing. *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc).

2. The Board correctly concluded that Gonzalez's robbery conviction under California Penal Code section 211 is a crime involving moral turpitude. *Mendoza v. Holder*, 623 F.3d 1299, 1300 (9th Cir. 2010). Gonzalez argues that some robbery offenses are not categorically crimes involving moral turpitude because they do not require an intent to permanently deprive the victim of his or her property. That is not true of section 211, however, which "requires the 'specific intent to permanently deprive' the victim of his or her property." *People v. Wilson*, 484 P.3d 36, 67 (Cal. 2021) (quoting *People v. Young*, 105 P.3d 487, 502 (Cal. 2005)).

3. Substantial evidence supports the Board's determination that Gonzalez failed to establish that he will face persecution on the basis of his membership in a cognizable particular social group. The record does not compel the conclusion that perceived gang members are a distinct group in Salvadoran society. In *Reyes v. Lynch*, 842 F.3d 1125 (9th Cir. 2016), we upheld the Board's conclusion that former gang members in El Salvador were not a distinct social group because the evidence did not compel the conclusion that former gang members were "distinct from current gang members" or from "suspected

2                                                                                              21-1266

gang members who face discriminatory treatment and other challenges in Salvadoran society." *Id.* at 1138. Similarly, the evidence here does not show that perceived gang members are seen as a distinct group. Rather, the evidence shows similar treatment in Salvadoran society for actual gang members and even for those who have no apparent connection to gangs.

The record does not compel the conclusion that Salvadorans perceived to oppose gangs or Salvadorans with immediate family members who are U.S. citizens are socially distinct groups. Gonzalez has not identified evidence demonstrating that Salvadoran society views people with those traits as distinct. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1180–81 (9th Cir. 2021) ("[S]ocial distinction requires 'evidence showing that society in general perceives, considers, or recognizes persons sharing the particular characteristic to be a group.'" (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 217 (B.I.A. 2014)).

The proposed social group of returnees to El Salvador from the United States who have criminal records lacks particularity. That group "could include large swaths of people and various cross-sections of a community." *Macedo Templos v. Wilkinson*, 987 F.3d 877, 882 (9th Cir. 2021). The group encompasses individuals convicted of minor to severe offenses as well as individuals who lived in the United States briefly and for many years.

4. Substantial evidence also supports the Board's conclusion that Gonzalez did not establish that he will face persecution on the basis of imputed

3                                                                              21-1266

political opinions. The record reveals that the Salvadoran government targets gang members because of their criminal activity. The evidence does not compel the conclusion that the government targets gang members because of their political opinions. Nor does the evidence compel the conclusion that gangs would target Gonzalez because of an imputed anti-gang political opinion. *Cf. INS v. Elias-Zacarias*, 502 U.S. 478, 482–83 (1992). Contrary to Gonzalez's arguments, the Board appropriately evaluated the proposed particular social groups and political opinions through a case-specific "evidence-based inquiry." *Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014).

5. Substantial evidence supports the Board's conclusion that Gonzalez's claim of future torture is speculative. Gonzalez cites evidence that Salvadoran police have in some cases arrested people who have not committed gang violence simply because of their tattoos. That evidence is insufficient to compel the conclusion that police would be "more likely than not" to torture Gonzalez. 8 C.F.R. § 1208.16(c)(2).

The motions to stay removal (Dkt. Nos. 3, 9) are denied. The temporary stay of removal is lifted.

**PETITION DENIED.**

21-1266