## MATTER OF MARTIN

### In Deportation Proceedings

### A-21398402

*Decided by Board June 9, 1982*

(1) Robbery is a crime involving moral turpitude.

(2) Where the alien respondent was convicted of aggravated robbery and received a sentence to confinement totaling 12 years, but thereafter that sentence was voided and the respondent resentenced to 3 months' confinement and 5 years' probation pursuant to the provisions of Colorado Rule of Criminal Procedure 35(a), her sentence does not constitute a "sentence to confinement for a year or more" under section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(4); therefore, she is not deportable under that section of the Act.

CHARGE:

Order: Act of 1952—Sec. 241(a)(4) [8 U.S.C. 1251(a)(4)]—Conviction of a crime involving moral turpitude within 5 years after entry and sentenced to confinement for a year or more

ON BEHALF OF RESPONDENT:
William M. Lederer, Esquire
805 South Cascade Avenue
Colorado Springs, Colorado 80903

ON BEHALF OF SERVICE:
Arnie R. Brassart
General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

This matter is before the Board on appeal from the immigration judge's decision of October 16, 1981, finding the respondent deportable under section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(4), as an alien who has been convicted of a crime involving moral turpitude committed within 5 years of entry and sentenced to confinement for a year or more. The appeal will be sustained.

The respondent is a 26-year-old native and citizen of Great Britain who entered the United States on October 4, 1976, as the nonimmigrant fiancee of a United States citizen. Her status was adjusted to that of a permanent resident on August 9, 1977, based upon classification as the spouse of a United States citizen. On November 21, 1980, the respondent was convicted in Colorado County District Court on three counts of aggravated robbery and one count of conspiracy to commit aggravated robbery. She was sentenced to 8 years in the Colorado State Prison for

each of the three robbery counts, to run concurrently, and to 4 years for the conspiracy count, to run consecutively. However, she thereafter moved for reconsideration of her sentence, and on February 25, 1981, the same court (with a different judge presiding) resentenced the respondent to 3 months time served and placed her on probation for 5 years.

· It is clear, and the respondent does not contend otherwise, that robbery is universally recognized as a crime involving moral turpitude. *See U.S. ex rel. Cerami v.· Uhl,* 78 F.2d 698 (2d Cir. 1935); *Matter of G—R—,* 2 I&N Dec. 733 (BIA 1946; A.G. 1947); *Matter of Kim,* 17 I&N , Dec. 144 (BIA 1979); *Matter. of Rodriguez-Palma,* 17 I&N Dec. 465 (BIA 1980); *see also U.S. ex rel. Meyer v. Day,* 54 F.2d 336 (2d Cir. 1931) (grand larceny); *Brett v. INS,* 386 F.2d 439 (2d Cir. 1967) (petit larceny); *U.S. ex rel. Ventura v. Shaughnessy,* 219 F.2d 249 (2d Cir. 1955) (receiving stolen property). Nevertheless, we disagree with the immigration judge's finding that the respondent's conviction and sentence renders her deportable under section 241(a)(4) of the Act.

The respondent moved for and obtained reconsideration of her first, 12-year sentence under the terms of Colorado Rule of Criminal Procedure 35(a), which provides as follows:

> Correction of Illegal Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time ATw provided herein for the reduction of sentence.

The Supreme Court of Colorado characterized this rule thusly:

> The rule allows the courts to *reconsider* in the interests of justice the *sentence* previously *imposed,* in the light of all relevant and material factors in the particular case which may or may not have been initially considered by the court and, in its sound discretion, to *resentence* the defendant to a lesser term within the statutory limits.
>
> It is the expectation that this rule will aid in minimizing aberrations in sentencing and will contribute to the imposition of more consistently uniform sentences for those convicted of like crimes.

*People v. Smith,* 536 P.2d 820, 822 (Colo. 1975), *reh. denied* July 7, 1975 (emphasis added); see also *Spann v. People,* 561 P.2d 1268 (Colo. 1977). Accordingly, it is clear that under Rule 35(a), by its very terms, a defendant's initial sentence is deemed to have been illegal and thus is regarded as void and of no force and effect. The trial court reconsiders the imposition of sentence and sentences the defendant *anew.* The new, reduced sentence stands as the only valid and lawful sentence imposed upon the defendant.

In view of the foregoing, we find that by operation of Colo. R.Crim. P. 35(a), the respondent's initial sentence of 12 years' imprisonment is void and of no consequence, and her sentence is regarded as consisting solely of the legally-imposed 3 months' imprisonment and 5 years' probation. This sentence does not constitute a "sentence to confinement for a year or more" under section 241(a)(4) of the Act; therefore, the respondent's deportability under that charge cannot be upheld. Accord-

ingly, the appeal will be sustained and these deportation proceedings terminated.

ORDER. The appeal is sustained and the proceedings are terminated.