**Noy Michael WEBSTER, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,\* Respondent.**

No. 06–4696–ag.

United States Court of Appeals, Second Circuit.

Jan. 7, 2008.

Glenn T. Terk, Wethersfield, CT, for Petitioner.

GLadys M. Steffens–Guzmán (Carol Federighi, Assistant Director; James A. Hunolt, Senior Litigation Counsel, Civil Division), Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Noy Michael Webster, a lawful permanent resident ("LPR") and citizen of Grenada, petitions for review of the BIA's September 12, 2006, 2006 WL 3088941, decision affirming the Immigration Judge's ("IJ") February 27, 2006 decision denying Webster's application for waiver of deportation under former § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (repealed 1996), and ordering him deported to Grenada. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where the BIA agrees with the IJ's result and with elements of the IJ's reasoning, while not expressly adopting other

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

elements of the IJ's decision, we review the IJ's decision as supplemented by the BIA. *See Ming Xia Chen v. Bd. of Immig. Appeals,* 435 F.3d 141, 144 (2d Cir. 2006).

Webster claims that the agency erred in finding him ineligible for a § 212(c) waiver of deportability because his conviction for second degree robbery under Connecticut law would have rendered him excludable under INA § 212(a)(2)(A)(i)(I) for having committed a crime involving moral turpitude if he were seeking reentry to the United States after a trip abroad. He argues that he is eligible for a § 212(c) waiver because he has achieved seven years consecutive domicile in the United States and because his deportability charge has a statutory counterpart in a ground of exclusion.

Under the rule announced in *Blake v. Carbone,* 489 F.3d 88 (2d Cir.2007), Webster's conviction for second degree robbery, which constitutes a ground of deportability, also "would render a similarly situated [LPR] excludable" for having committed a crime involving moral turpitude. *Id.* at 103 (emphasis added). Webster is therefore correct in asserting that he pled guilty to a crime involving moral turpitude, which makes him eligible for a § 212(c) waiver for the reasons set forth in *Blake.* In short, "[i]f the offense that renders a lawful permanent resident deportable would render a similarly situated lawful permanent resident excludable, the deportable lawful permanent resident is eligible for a waiver of deportation." *Id.*

It is unnecessary to remand for a decision on whether a conviction for second degree robbery under Connecticut law could form the basis of exclusion under § 212(a) as a crime involving moral turpitude. The BIA has already determined that robbery is a crime involving moral turpitude that renders an alien inadmissible. *See Matter of Martin,* 18 I. & N.

Dec. 226, 227 (B.I.A.1982) ("[R]obbery is universally recognized as a crime involving moral turpitude.") (citing *Cerami v. Uhl,* 78 F.2d 698, 699 (2d Cir.1935)). The statutory exception to this ground of inadmissibility—for aliens convicted of one crime involving moral turpitude where the maximum possible penalty does not exceed imprisonment for one year and the imprisonment actually imposed is under six months, *see* 8 U.S.C. § 1182(a)(2)(A)(ii)(II)—does not apply because Webster was sentenced to eight years' imprisonment. Therefore, because the offense that renders Webster deportable would also render a similarly situated lawful permanent resident excludable, Webster is eligible for a § 212(c) waiver.

We remand this case to the BIA for review of the IJ's determination that Webster's equities would have entitled him to § 212(c) relief if he were eligible for a waiver. At oral argument, both parties agreed to this disposition and thereby waived any argument that the IJ's conditional grant of a § 212(c) waiver was pretermitted. *Cf. Singh v. Gonzales,* 468 F.3d 135, 138 & n. 2 (2d Cir.2006). Because the BIA affirmed the IJ's eligibility determination, the BIA never undertook to review the IJ's balancing of Webster's equities against the adverse factors presented by his case. Although we lack jurisdiction to review a discretionary grant or denial of a § 212(c) waiver, *Avendano–Espejo v. Dep't of Homeland Sec.,* 448 F.3d 503, 505 (2d Cir.2006) (per curiam), and therefore express no view of the IJ's alternative disposition of this case, the BIA will be afforded an opportunity to review it, *see Noble v. Keisler,* 505 F.3d 73, 78–80 (2d Cir.2007).

Webster also claims that application of the statutory counterpart rule as codified in the regulations at 8 C.F.R. § 1212.3(f)(5) is impermissibly retroactive because when he pled guilty to second degree robbery in 1996 he relied on the

availability of § 212(c) relief. However, as we explained in *Blake:* "The statutory counterpart rule does nothing more than crystallize the agency's preexisting body of law and therefore cannot have an impermissible retroactive effect." *Blake,* 489 F.3d at 98–99. The BIA properly rejected this claim.

Finally, Webster argues that the statutory counterpart rule violates his right to equal protection under the law. This claim is addressed sufficiently in our discussion of *Blake:* because Webster is similarly situated to an alien seeking admission with the same conviction, he is eligible for a § 212(c) waiver of deportability. This satisfies Webster's equal protection concerns.

For the foregoing reasons, the petition for review is **GRANTED,** the decision of the BIA is **VACATED,** and the case is **REMANDED** for further proceedings consistent with this order. The pending motion for a stay of removal in this petition is **DISMISSED** as moot.