**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 13, 2017[*]
Decided May 5, 2017

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 16-4044

| | |
|---|---|
| JORGE LUIS MINIER CASADO, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A061-974-813 |
| JEFF SESSIONS, Attorney General of the United States, *Respondent*. | |

**O R D E R**

Jorge Luis Minier Casado, a citizen of the Dominican Republic, challenges the Board of Immigration Appeals's conclusion that, because his conviction for robbery is a crime involving moral turpitude, it rendered him removable. The Board relied on its longtime precedent that robbery is a crime of moral turpitude, and that precedent is entitled to our deference, so we deny the petition for review.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Four years after Minier was admitted to the United States in 2011 as a lawful permanent resident, he was convicted of robbery in Illinois, *see* 720 ILCS 5/18-1(a). The Department of Homeland Security notified him that his conviction rendered him removable because it was for a crime involving moral turpitude, he committed it within five years of his admission, and he could have been sentenced to a year or more. *See* 8 U.S.C. § 1227(a)(2)(A)(i).

Removal proceedings followed. Minier admitted that he had committed the robbery and that a sentence of at least one year could have been imposed. He denied, however, that he was removable, arguing that robbery in Illinois is not a crime involving moral turpitude. He reasoned that because a violation of the Illinois robbery statute does not necessarily require bodily injury, it is analogous to simple assault, which is not a crime involving moral turpitude. The IJ disagreed, citing the Board's ruling that, as a form of theft, "robbery is universally recognized as a crime involving moral turpitude." *In re Martin*, 18 I. & N. Dec. 226, 227 (BIA 1982). And, the IJ added, the elements of robbery in Illinois are indistinguishable from those of generic robbery. Minier appealed to the Board, which agreed with the IJ. The Board repeated that robbery has long been regarded as a crime involving moral turpitude. It also reasoned that assault *does* involve moral turpitude when it includes an aggravating factor like robbery.

Minier's petition for review reproduces—almost verbatim—the brief that he submitted to the Board and repeats his contention that robbery is akin to simple assault. But under the Board's precedent, robbery is a crime involving moral turpitude. *In re Martin*, 18 I. & N. at 227. *Martin* was issued by three panel members and cited a wealth of judicial and administrative decisions stretching back over half a century. *Id.*; *see also In re Rodriguez-Palma*, 17 I. & N. Dec. 465, 469 (BIA 1980) (robbery is "grave, serious, aggravated, infamous, and heinous" and involves "moral turpitude").

We defer to the Board's ruling. A decision from the Board that an offense is a crime involving moral turpitude receives deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) when the decision, like *Martin*, is precedential and was reasonably concluded by a three-member panel. *See Arobelidze v. Holder*, 653 F.3d 513, 519 (7th Cir. 2011). Although the Board's decision in Minier's appeal was nonprecedential, it nonetheless receives *Chevron* deference because it relied on *Martin* and it substantively analyzed Minier's arguments. *See Cano-Oyarzabal v. Holder*, 774 F.3d 914, 916 (7th Cir. 2014). Moreover we have previously stated that generic robbery is a crime involving moral turpitude. *See, e.g., Cisneros v. Lynch*, 834 F.3d 857, 860 (7th Cir. 2016); *Torres-Tristan v. Holder*, 656 F.3d 653, 655, 657 (7th Cir. 2011); *Dashto v. I.N.S.*, 59 F.3d 697, 699, 703 (7th Cir. 1995). And Minier has not identified any feature of

Illinois's definition of robbery that materially distinguishes it from the Board's precedents or from generic robbery.

The petition for review is therefore DENIED.