FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 9, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

VINCENT MCKINNON,

    Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

    Respondent.

No. 22-9527
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **TYMKOVICH**, and **MATHESON**, Circuit Judges.
_____

Petitioner Vincent McKinnon, a lawful permanent resident of the United

States, was convicted of robbery with a dangerous weapon in 1988 and sexual assault

on a child by a person in position of trust in 2004.  The Department of Homeland

Security ("DHS") charged Mr. McKinnon as removable under 8 U.S.C.

§ 1227(a)(2)(A)(ii) for having twice been convicted of crimes involving moral

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

turpitude ("CIMTs").  The Immigration Judge ("IJ") found that his convictions qualified as CIMTs and sustained the charge of removability.  The Board of Immigration Appeals ("BIA") affirmed.  Mr. McKinnon has filed a petition for review.  Exercising jurisdiction under 8 U.S.C. § 1252(a)(1), we deny the petition.

## I.  BACKGROUND

Mr. McKinnon was admitted to the United States as a lawful permanent resident in 1982.  In 1988, he pled guilty in North Carolina to robbery with a dangerous weapon in violation of § 14-87(a) of the North Carolina General Statutes.  Mr. McKinnon was sentenced to 14 years in prison, but he was released after five years.  In 2004, a Colorado jury convicted him of (1) sexual assault on a child in violation of § 18-3-405(1) of the Colorado Revised Statutes, and (2) sexual assault on a child by a person in a position of trust in violation of § 18-3-405.3(1).  He was sentenced to 16 years in prison.

In May 2021, the DHS issued a Notice to Appear charging Mr. McKinnon as removable for having been convicted of CIMTs not arising out of a single scheme of misconduct.  *See* 8 U.S.C. § 1227(a)(2)(A)(ii) ("Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, . . . is deportable.").  The charge was based on the North Carolina robbery conviction and the Colorado conviction for sexual assault on a child by a person in a position of trust.  Mr. McKinnon admitted to the fact of the convictions but denied the charge of removability.  He applied for

asylum, withholding of removal, and protection under the Convention Against Torture, and testified in support of his applications on October 6, 2021.

The IJ's written decision found Mr. McKinnon removable and denied his applications for relief and protection. The IJ determined Mr. McKinnon is removable under § 1227(a)(2)(A)(ii) because his convictions were for CIMTs that did not arise out of a single scheme of criminal misconduct. Mr. McKinnon appealed this conclusion to the BIA, which affirmed. He then filed the instant petition for review with this court.

## II.  DISCUSSION

### A.  *Standard of Review*

Mr. McKinnon argues his convictions for robbery and sexual assault on a child by one in a position of trust are not CIMTs under § 1227(a)(2)(A)(ii). We review this question of law de novo. *De Leon v. Lynch*, 808 F.3d 1224, 1228 (10th Cir. 2015). We owe no deference to the BIA's interpretation of a state-law offense, but "if a provision of the Immigration and Nationality Act . . . is arguably subject to differing interpretations, we will defer to the BIA's interpretation provided it is reasonable." *Id.* (quotations omitted). In cases where the BIA affirms the IJ, we review the BIA's decision. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). But we may consult the IJ's decision when it provides a more complete explanation. *See id.*

3

## B. *Crimes Involving Moral Turpitude*

Moral turpitude involves conduct that is "inherently base, vile, or depraved, contrary to the accepted rules of morality and duties owed between man and man, either one's fellow man or society in general." *Efagene v. Holder*, 642 F.3d 918, 921 (10th Cir. 2011) (quotations omitted). To qualify as a CIMT, an offense must involve "reprehensible conduct" and require "some form of scienter." *Flores-Molina v. Sessions*, 850 F.3d 1150, 1159 (10th Cir. 2017) (quotations omitted).

In determining whether an offense is a CIMT, we apply a categorical approach. *De Leon*, 808 F.3d at 1230. Rather than consider actual conduct underlying the conviction, "we presume that the conviction rested upon nothing more than the least of the acts criminalized by the statute, and then determine whether even those acts are encompassed by the generic federal offense." *Id.* (brackets and quotations omitted). "[T]he focus on the minimum conduct criminalized by the state statute is not an invitation to apply legal imagination to the state offense." *United States v. Dominguez-Rodriguez*, 817 F.3d 1190, 1197 (10th Cir. 2016) (quotations omitted). "[T]here must be a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime."[1] *Id.* (quotations omitted).

---

[1] Mr. McKinnon argues the "realistic probability" standard impermissibly shifts the burden to respondents in removal proceedings, requiring them to show they are not removable despite statutory direction that the burden of establishing removability rests with the agency. *See* 8 U.S.C. § 1229a(c)(3)(A). But

1. **Robbery Conviction**

The BIA has held that "robbery is universally recognized as a crime involving moral turpitude." *Matter of Martin*, 18 I. & N. Dec. 226, 227 (B.I.A. 1982). Mr. McKinnon argues that his North Carolina robbery conviction does not satisfy the common law definition of robbery because the statute does not require the use of force or an intent to permanently deprive the owner of the property. The North Carolina Supreme Court has held otherwise.

> An armed robbery [under N.C. Gen. Stat. § 14-87] is defined as the taking of the personal property of another in his presence or from his person without his consent *by endangering or threatening his life with a firearm*, with the taker knowing that he is not entitled to the property *and the taker intending to permanently deprive the owner of the property*.

*State v. Davis*, 271 S.E.2d 263, 264 (N.C. 1980) (emphasis added). Because the statute requires a permanent taking that threatens or endangers a person's life, we agree with the BIA that Mr. McKinnon's North Carolina robbery conviction was categorically a CIMT. *See Matter of C-*, 5 I. & N. Dec. 370, 376 (B.I.A. 1953) ("The unlawful taking of the property of another by force or by threats is a crime so vile that it unquestionably involves moral turpitude.").

---

Mr. McKinnon acknowledges the "realistic probability" standard has been adopted in this circuit, *see De Leon*, 808 F.3d at 1232, and we "cannot overrule the judgment of another panel absent en banc consideration or an intervening Supreme Court decision that is contrary to or invalidates our previous analysis," *United States v. White*, 782 F.3d 1118, 1126-27 (10th Cir. 2015) (quotations omitted).

2. **Sexual Assault**

Mr. McKinnon argues his conviction for sexual assault on a child by one in a position of trust is not a CIMT because the statute encompasses non-reprehensible conduct. We disagree.

The relevant Colorado statute provides:

> Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child by one in a position of trust if the victim is a child less than eighteen years of age and the actor committing the offense is one in a position of trust with respect to the victim.

Colo. Rev. Stat. § 18-3-405.3(1). The statute defines "sexual contact" as "[t]he knowing touching of the victim's intimate parts by the actor, or of the actor's intimate parts by the victim, or the knowing touching of the clothing covering the immediate area of the victim's or actor's intimate parts if that sexual contact is for the purposes of sexual arousal, gratification, or abuse." *Id.* § 18-3-401(4)(a).

The statute defines "[o]ne in a position of trust" as

> [A]ny person who is a parent or acting in the place of a parent and charged with any of a parent's rights, duties, or responsibilities . . . including a guardian or someone otherwise responsible for the general supervision of a child's welfare, or a person who is charged with any duty or responsibility for the health, education, welfare, or supervision of a child, including foster care, child care, family care, or institutional care . . . no matter how brief, at the time of an unlawful act.

*Id.* § 18-3-401(3.5). The Colorado Supreme Court has held that this definition includes "doctors and health care professionals, teachers and counselors, child care

6

and foster attendants, and those who assume responsibility for the temporary care of a child in the parent's absence, such as a babysitter." *People v. Roggow*, 318 P.3d 446, 451 (Colo. 2013) (quotations omitted). The court explained that "the broad definition . . . adopted by the legislature is not limited to these categories," which reflect, however, the legislature's "overarching intent to target *those offenders who are entrusted with special access to a child victim and who exploit that access* to commit an offense against the child." *Id.* at 450 (emphasis added; quotations omitted).

We agree with the BIA that the "position of trust" element, as defined by the legislature and interpreted by the Colorado Supreme Court, renders a conviction under § 18-3-405.3(1) categorically a crime involving moral turpitude.

Mr. McKinnon argues the position-of-trust limitation is so broad that the statute's reach includes non-reprehensible conduct. He hypothesizes that the statute would criminalize an 18-year-old lifeguard's consensual touching of the clothed buttocks of a 17-year-old swimmer, but he has not cited any precedential support. He therefore "has not carried his burden of showing an actual risk that [Colorado] would prosecute his hypothetical [lifeguard]." *De Leon*, 808 F.3d at 1232.

Mr. McKinnon also argues that *Matter of Silva-Trevino*, 26 I. & N. Dec. 826 (B.I.A. 2016), is the "controlling case" regarding unlawful sexual contact with a child. Opening Br. at 26. There, the BIA held that a conviction under a Texas statute prohibiting sexual contact with a child under 17 years old was not a CIMT. *Silva-Trevino*, 26 I. & N. Dec. at 835. *Silva-Trevino* is distinguishable. Unlike the

7

Colorado statute, the Texas statute lacked language limiting it to persons in a position of trust.  Also, Texas precedent showed a realistic probability that the statute would be applied to non-reprehensible fact patterns.  *See id.* at 828, 835-36.  Mr. McKinnon has not cited any Colorado decisions establishing a reasonable probability that § 18-3-405.3(1) would be applied in such a manner.

We thus discern no error in the BIA's conclusion that Mr. McKinnon's sexual assault conviction in Colorado was for a CIMT within § 1227(a)(2)(A)(ii).[2]

## III.  CONCLUSION

We deny Mr. McKinnon's petition.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[2] Because Mr. McKinnon admits he was convicted of robbery and sexual assault on a child, we reject his argument that the government failed to prove that Mr. McKinnon is removable.